**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CIENA CAPITAL FUNDING, LLC,** formerly known as BLX CAPITAL, LCC,) a Delaware limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>**DJR PROPERTIES, INC. dba SUPER 8 MARIPOSA, a California Corporation, UNITED STATE SMALL BUSINESS ADMINISTRATION, a government agency,** *et al.,*<br><br>**Defendant**s | CV F CV 09-1239 AWI SMS<br><br>**ORDER DIRECTING SERVICE OF COURT DOCUMENTS ON ALL PARTIES, DIRECTING FURTHER BRIEFING, AND RELATED ORDERS** |

This is an action for judicial foreclosure, appointment of receiver and declaratory and injunctive relief by plaintiff Ciena Capital Funding, LLC (hereinafter, "Ciena") against defendants DJR Properties, Inc., dba Super 8 Mariposa, the Unites States Small Business Administration, CIT Small Business Lending Corp., county agencies Mariposa Public Utility District and Tax Collector of Mariposa County, individuals Niel Admani, Suraj P. Puri, Kawaljit Singh, Harbinder Kaur, and Singh Corporation, a dissolved California corporation (collectively, "Defendants").  The action was originally filed in Mariposa County Superior Court on June 25, 2009, and was removed to this court by Defendant United States Small Business Administration ("USSBA") on July 16, 2009.  On July 23, 2009, Ciena filed an ex-parte application for temporary orders to establish a receiver, temporary restraining order and

for the court to issue an order to show cause why the restraining orders and the appointment of the receiver should not be made permanent (hereinafter, the "Application").  On July 24, 2009, defendant United States Small Business Administration filed an opposition to Ciena's Application.

       An inspection of the court's docket report indicates that, as of the date of this order, no party other than Ciena was served with the notice of removal.  Similarly, the court has no filing indicating that any Defendant other than USSBA was served with the original complaint.  The court's records show that the attorney for USSBA was the only party that received electronic service of Ciena's Application.  Pursuant to Local Rules 65-231 and 66-232, neither injunctive orders nor appointment of a temporary receiver shall be granted without at least notice to affected parties "except in the most extraordinary of circumstances."  Local Rule 65-231.  The court has reviewed Ciena' pleading and finds evidence of circumstances of such a compelling nature that would warrant the imposition of restraining orders and appointment of a receiver without notice to the other Defendant parties is lacking.

       Further, the court finds that the risk of harm faced by Ciena in the absence of either or both restraining orders or appointment of a receiver is not so acute as to warrant decision without the opportunity for opposition by the other Defendant parties.

       THEREFORE, in consideration of the foregoing, it is hereby ORDERED that:

1. Ciena shall file proof of service of this order, proof of service of the complaint and proof of service of the ex-parte Application for injunctive relief and appointment of a temporary receiver on all named Defendant parties or shall file notice of voluntary dismissal of any Defendant not served not later than five (5) court days from the date of service of this order.

2. Defendant USSBA shall file proof of service of the Notice of Removal of this action on all named Defendant parties not later than five (5) court days from the date of

service of this order.

3. Any Defendant who wishes to do so may file and serve an opposition to Ciena's Application not later than fourteen (14) days from the date of service of said Application. Local Rule 78-230.

4. Ciena shall contact Deputy Clerk of the Court, Harold Nazaroff, to schedule a hearing on its Application. Pursuant to Local Rule 78-230, any hearing on the Application shall be scheduled not sooner than twenty-eight (28) days afer service of the Application on the last Defendant served.

5. Pursuant to Local Rule 78-230, Ciena may file any reply to Defendants' opposition briefs not later than five (5) days before the scheduled hearing date.

IT IS SO ORDERED.

**Dated:   July 27, 2009**               /s/ Anthony W. Ishii
                                     CHIEF UNITED STATES DISTRICT JUDGE