**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HSBC BANK USA, | ) | 1:09-CV-01239 AWI SKO |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING MPUD |
| | ) | FROM ACTION; ORDER |
| v. | ) | GRANTING HSBC'S MOTION |
| | ) | FOR PARTIAL SUMMARY |
| DJR PROPERTIES, INC. dba SUPER 8 | ) | JUDGMENT; AND ORDER |
| MARIPOSA, et al., | ) | GRANTING IN PART AND |
| | ) | DENYING IN PART SBA'S |
| Defendants. | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT |

[Document # 114 and 120]

**INTRODUCTION**

On June 25, 2009, Ciena Capital Funding LLC ("Ciena") filed an action in Mariposa County Superior Court, alleging various claims related to property located at 5059 Highway 140 Mariposa, CA 95338 ("the property"). HSBC Bank USA ("HSBC") was substituted as Plaintiff in place of Ciena on December 13, 2010. Defendant/Cross-Plaintiff U.S. Small Business Administration ("SBA") removed the case to federal court on July 16, 2009, invoking the Court's jurisdiction under 28 U.S.C. § 1444.

Before the Court are three separate motions for summary judgment. HSBC has moved for partial summary judgment against Defendant/Cross-Defendant DJR Properties, Inc., dba Super-8 Mariposa ("DJR"), SBA, Defendant CIT Small Business Lending Corp. ("CIT"),

Defendant Suraj Puri ("Puri") and Defendant Mariposa Public Utility District ("MPUD"), asking the court to judicially declare that HSBC holds a first position lien on the property.

SBA has moved for summary judgment on its judicial foreclosure and breach of contract claims against DJR and Cross-Defendants Rajendra K. Ahuja ("Rajendra"), Jagdeep Singh ("Jagdeep") and Darshan Singh ("Darshan").  MPUD has moved for summary judgment against HSBC, arguing that MPUD is entitled to judgment as a matter of law because MPUD's lien on the property has been extinguished.

## LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985).  Where summary judgment requires the court to apply law to undisputed facts, it is a mixed question of law and fact.  Sousa v.Unilab Corp. Class II (Non-Exempt) Members Group Benefit Plan, 252 F. Supp. 2d 1046, 1049 (E.D. Cal. 2002). Where the case turns on a mixed question of law and fact and the only dispute relates to the legal significance of the undisputed facts, the controversy for trial collapses into a question of law that is appropriate for disposition on summary judgment.  Union Sch. Dist. v. Smith, 15 F.3d 1519, 1523 (9th Cir. 1994); Sousa, 252 F. Supp. 2d at 1049.

Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions,

answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion." Nissan Fire & Marine Ins. Co. v. Fritz Companies, 210 F.3d 1099, 1102-03 (9th Cir. 2000). If the moving party meets it initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nolan v. Cleland, 686 F.2d 806, 812 (9th Cir. 1982); Ruffin v. Cnty. of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979). A fact is "material" if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002). A "genuine issue of material fact" arises when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248-49; Thrifty Oil, 322 F.3d at 1046.

In attempting to establish the existence of a factual dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 682 (9th Cir. 2001). However, the opposing party need not establish a material issue of fact conclusively in

3

its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank, 391 U.S. at 290; Hopper v. City of Pasco, 248 F.3d 1067, 1087 (9th Cir. 2001). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); Mende v. Dun & Bradstreet, Inc., 650 F.2d 129, 132 (9th Cir. 1982).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c); Fortyune, 364 F.3d at 1079-80. The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587; Stegall v. Citadel Broad, Inc., 350 F.3d 1061, 1065 (9th Cir. 2003). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Sousa, 252 F. Supp.2d at 1049.

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587 (citation omitted). If the nonmoving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment. Nissan Fire & Marine, 210 F.3d at 1103.

**PROCEDURAL HISTORY**

Ciena filed the Complaint in the instant action on June 25, 2009 in Mariposa County Superior Court against, *inter alia*, DJR, SBA, CIT, Puri and MPUD. The Complaint set forth

4


five causes of action, all related to Ciena's rights and interests with respect to the property. The case was removed to this Court on July 16, 2009.

SBA filed cross-claims against, *inter alia*, DJR, Rajendra, Jagdeep and Darshan on November 10, 2009 for judicial foreclosure and breach of contract.

Ciena filed a Motion for Partial Summary Judgment, a Statement of Undisputed Facts and a Request for Judicial Notice on November 16, 2010. Ciena's motion was filed against DJR, SBA, CIT, Puri and MPUD. MPUD filed an opposition on December 3, 2010. HSBC was substituted as Plaintiff in place of Ciena on December 13, 2010 and filed a Reply on the same day.

SBA filed a Motion for Summary Judgment on November 17, 2010 against DJR, Rajendra, Jagdeep and Darshan. DJR, Rajendra and Jagdeep filed Statements of Non-Opposition on December 6, 2010. SBA filed a Reply on December 13, 2010.

MPUD filed a Motion for Summary Judgment on November 17, 2010. Ciena filed a Response on December 6, 2010 and MPUD filed a Reply on December 15, 2010.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Ciena is a servicer for HSBC. Ciena financed DJR's acquisition of the Super 8 Motel located on the property by issuing two loans to DJR. Ciena issued to DJR a "Senior Loan" in the amount of $1,300,000.00 and a "Junior Loan" in the amount of $900,000.00.

With respect to the Senior Loan, on May 26, 2004, DJR executed and delivered to Ciena an "Adjustable Rate Promissory Note" ("Senior Note") in which DJR agreed to repay Ciena the $1,300,000.00, plus interest thereon, in accordance with the terms of the Senior Note. To secure DJR's obligations under the Senior Note, on May 26, 2004, DJR executed and delivered to First American Title Company ("First American"), acting as trustee and for the benefit of Ciena, a "Deed of Trust, Security Agreement, Fixture Filing and Assignment of Leases and Rents" ("Senior Deed of Trust"). On June 1, 2004, the Senior Deed of Trust was recorded in Mariposa County as Document No. 2043246.

With respect to the Junior Loan, on May 26, 2004 , DJR executed and delivered to Ciena an "Adjustable Rate Promissory Note" ("Junior Note") in which DJR agreed to repay Ciena the $900,000.00, plus interest thereon, in accordance with the terms of the Junior Note. To secure DJR's obligations under the Junior Note, on May 26, 2004, DJR executed and delivered to First American a "Second Lien Deed of Trust, Security Agreement, Fixture Filing and Assignment of Leases and Rents" ("Second Lien Deed of Trust"). On June 1, 2004, the Second Lien Deed of Trust was recorded in Mariposa County as Document No. 2043247.

On June 1, 2004, Ciena and EDF Resource Capital, Inc. ("EDF") entered into a "Third Party Lender Agreement." EDF facilitates and administers loans that are guaranteed by SBA under what is commonly referred to as the "504 Program." Under the Third Party Lender Agreement, EDF acquired the Junior Note and agreed to issue a new note ("504 Note") to DJR in the amount of $927,000.00. The 504 Note was secured by a new deed of trust ("504 Deed of Trust") on the property. Under the Third Party Lender Agreement, EDF expressly acknowledged that the 504 Deed of Trust would be subordinate to Ciena's Senior Deed of Trust.

On June 1, 2004, EDF funded the 504 Loan and DJR executed and delivered to First American, acting as trustee and for the benefit of EDF, a "Deed of Trust With Assignment of Rents" ("EDF Deed of Trust"). The EDF Deed of Trust was recorded on June 1, 2004 in Mariposa County as Document No. 2043248. As additional security for the 504 Loan, DJR, Rajendra, Jagdeep and Darshan separately executed and delivered to EDF an "Unconditional Guarantee." The Unconditional Guarantee guaranteed payment to EDF of all amounts due under the 504 Note.

Subsequently, EDF assigned all of its interests in the 504 Deed of Trust to SBA pursuant to a "Corporation Assignment of Deed of Trust." The Corporation Assignment of Deed of Trust was recorded in Mariposa County on June 1, 2004 as Document No. 2043249. In connection with EDF's assignment to SBA, SBA executed an "Authorization for Debenture

6

Guarantee" ("504 Loan Authorization") where SBA expressly acknowledged that SBA's 504 Deed of Trust is subject to Ciena's Senior Deed of Trust. Under the terms of the 504 Loan, DJR agreed to pay to SBA monthly installments of principal and interest in the amount of $6212.15. DJR made payments to SBA through July 17, 2008. DJR did not make the August 2008 payment and is now in default. At the time of DJR's default, $815,431.48 in principal remained on the loan.

On February 28, 2005, Ciena mistakenly reconveyed the Senior Deed of Trust to DJR. The reconveyance was recorded in Mariposa County as Document No. 2051445. Ciena intended to reconvey the Junior Deed of Trust to DJR in accordance with the Third Party Lender Agreement. Ciena did not discover the mistaken reconveyance until October 2007 when Ciena completed a routine audit of its portfolio. On October 2, 2007, Ciena recorded a "Declaration of Cancellation of Full Reconveyance and Reinstatement of Deed of Trust" ("Declaration of Cancellation"). The Declaration of Cancellation, signed by DJR, stated that the reconveyance was recorded in error and that the Senior Deed of Trust was reinstated with full force and effect and priority as of the original date of execution.

Prior to the Declaration of Cancellation being recorded, the following other interests were recorded on the property. On July 22, 2005, CIT recorded an Abstract of Judgment in the amount of $247,385.78 in Mariposa County as Document No. 2054920. On November 21, 2006, Puri recorded a "Deed of Trust With Assignment of Rents" ("Puri Deed of Trust") on the property in order to secure $150,000.00. The Puri Deed of Trust was recorded in Mariposa County as Document No. 2066864. At the time of recording, Puri had knowledge of Ciena's Senior Deed of Trust.

On August 26, 2008, MPUD recorded Resolution No. 2008-1636 in Mariposa County as Document No. 2083616. The Resolution stated that utility service charges in the amount of $16,699.66 were due and unpaid. DJR made payments against MPUD's lien and reduced the amount to $10,370.10. MPUD recorded Resolution No. 2009-1666, which reflected the

reduction of MPUD's lien to $10,370.10. Resolution No. 2009-1666 was recorded in Mariposa County as Document No. 2093129. Subsequently, on May 12, 2010 and June 1, 2010, MPUD received "property tax teeter payments" from Mariposa County for the full $10,370.10, which extinguished MPUD's lien.

## DISCUSSION

A. Mootness

As a preliminary matter, HSBC argues that MPUD's right to assert a claim against the property is moot because MPUD has conceded that it has no lien interest on the property. (Doc. 132 at 2-3.) In its Motion for Summary Judgment, MPUD agrees and states that "[i]t is not properly a party to the action, and must be dismissed from the action" because MPUD's lien on the property has been paid in full by Mariposa County and is therefore extinguished. (Doc. 128-1 at 2.)

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)). Thus, to satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70.

The Court agrees with the parties that this case is moot with respect to MPUD. MPUD has no legally cognizable interest in the outcome of the case because MPUD's lien against the property has been extinguished. Therefore, MPUD is dismissed from the action. The Court will disregard any filings previously made by MPUD.

B.     HSBC's Motion for Partial Summary Judgment

HSBC has moved for partial summary judgment against DJR, SBA, CIT, Puri and MPUD with respect to their claim for declaratory relief.  HSBC requests a declaratory judgment that HSBC has a first position lien on the property and that the rights of the respective Defendants on the property are subordinate to HSBC.  (Doc. 114 at 5.)  Since MPUD has been dismissed from the case, HSBC's motion is unopposed.

In California, the priority of liens upon property "is largely determined by recordation." Bratcher v. Buckner, 90 Cal. App. 1177, 1185 (2001).  Thus, a "good faith encumbrancer for value who first records takes its interest in the real property free and clear of unrecorded interests." First Fid. Thrift & Loan Ass'n v. Alliance Bank, 60 Cal. App. 4th 1433, 1440 (1998) (citations omitted).  A good faith encumbrancer is "one who acts without knowledge or notice of competing liens on the subject property." California Nat. Bank v. Havis, 120 Cal. App. 4th 1122, 1139 (2004).  The recording of a lien provides "constructive notice of the contents thereof to subsequent purchasers and mortgagees." Cal. Civ. Code § 1213; In re Deuel, 594 F.3d 1073, 1078 (9th Cir. 2010).  In the situation where a lender records a lien but mistakenly conveys the deed of trust back to the borrower, the lender then has an "equitable claim to reinstatement of a previously extinguished lien." First Fid., 60 Cal. App. at 1441.

1.     HSBC's Senior Deed of Trust against DJR's interest

On June 1, 2004, HSBC recorded its Senior Deed of Trust against the property.  (Doc. 117-1 at 11.)  On February 28, 2005, HSBC mistakenly reconveyed the Senior Deed of Trust to DJR.  (Doc. 117-4 at 18.)  On October 2, 2007, HSBC recorded the Declaration of Cancellation.  (Doc. 117-4 at 20.)  In the Declaration of Cancellation, which was signed by DJR, DJR expressly acknowledged that the reconveyance was "recorded in error" and that the reconveyance of the Senior Deed of Trust to DJR was cancelled and revoked in its entirety.  Id.  Further, the Declaration of Cancellation reinstated HSBC's Senior Deed of Trust "with full force and effect and priority, as of the original date of execution[.]"  Id.  Thus, DJR's interest in

9

the property is subject and subordinate to HSBC's Senior Deed of Trust. There is no genuine issue of material fact and HSBC is entitled to judgment as a matter of law with respect to its declaratory relief claim against DJR. Therefore, HSBC's Motion for Partial Summary Judgment against DJR is GRANTED.

        2.        HSBC's Senior Deed of Trust against SBA's 504 Deed of Trust

On June 1, 2004, SBA was assigned all of EDF's interests under the 504 Deed of Trust. (Doc. 117-3 at 29.) In connection with EDF's assignment to SBA, SBA executed a 504 Loan Authorization in which SBA expressly acknowledged that the 504 Deed of Trust is subject to HSBC's Senior Deed of Trust. (Doc. 117-4 at 5.) Since SBA had actual knowledge of HSBC's prior lien, SBA cannot be a good faith encumbrancer for value. HSBC's Senior Deed of Trust has priority over SBA's 504 Deed of Trust. There is no genuine issue of material fact and HSBC is entitled to judgment as a matter of law with respect to its declaratory relief claim against SBA. HSBC's Motion for Partial Summary Judgment against SBA is GRANTED.

        3.        HSBC's Senior Deed of Trust against CIT's Abstract of Judgment

HSBC's Senior Deed of Trust was recorded on June 1, 2004. (Doc. 117-1 at 11.) HSBC mistakenly reconveyed the Senior Deed of Trust to DJR on February 28, 2005, which gave HSBC an equitable claim to reinstatement of a previously extinguished lien. (Doc. 117-4 at 18.) CIT recorded an Abstract of Judgment against DJR in Mariposa County on July 22, 2005. (Doc. 116-3 at 2.)

Under California law, a judgment creditor cannot be a good faith encumbrancer for value. U.S. v. Padilla, No. CIS S 02 2301 DFLGGH, 2005 WL 1378949, at *3 (E.D. Cal. Jun. 6, 2005); City of Torrance v. Castner, 46 Cal. App. 3d 76, 80 (1975). CIT is a judgment creditor and cannot be a good faith encumbrancer for value. Therefore, since CIT's Abstract of Judgment was recorded after HSBC's Senior Deed of Trust was recorded and after HSBC's equitable claim was created, CIT's interest is subordinate to HSBC's interest with respect to the property. There is no genuine issue of material fact and HSBC is entitled to judgment as a

matter of law against CIT for its declaratory relief claim.  HSBC's Motion for Partial Summary Judgment against CIT is GRANTED.

          4.     HSBC's Senior Deed of Trust against Puri's Deed of Trust

Puri has not answered the Complaint and the Court has entered default against him. (Doc. 44.)  On November 21, 2006, Puri recorded a Deed of Trust against the property.  (Doc. 116-4 at 2.)  During his deposition, Puri testified that he reviewed a title report prior to entering into the loan with DJR.  (Doc. 118 at 7-10.)  The title report revealed that Puri's lien would have third priority against the property.  Id.  In addition, Puri stated that DJR represented to him that he would be the "third place lienholder" on the property and it was his belief that his loan would be subordinate to HSBC's loan.  Id.  Therefore, Puri had actual knowledge of HSBC's Senior Deed of Trust and therefore is not a good faith encumbrancer for value. HSBC's Senior Deed of Trust has priority over the Puri Deed of Trust.  There is no genuine issue of material fact and HSBC is entitled to judgment as a matter of law with respect to its declaratory relief claim against Puri.  HSBC's Motion for Partial Summary Judgment against Puri is GRANTED.

    C.    SBA's Motion for Summary Judgment

SBA has moved for summary judgment on its judicial foreclosure and breach of contract claims against DJR, Rajendra, Jagdeep and Darshan.  No opposition has been filed.

          1.     Judicial Foreclosure

In its Reply, SBA concedes that a finding that HSBC's Senior Deed of Trust is superior to SBA's interest "will moot the [SBA's] first crossclaim for relief for judicial foreclosure." (Doc. 140 at 2.)  SBA states that if the Court grants HSBC's motion then the SBA "will withdraw its motion[.]"  Id.  Since the Court has concluded above that HSBC's Senior Deed of Trust is superior to SBA's 504 Deed of Trust, SBA's Motion for Summary Judgment on its judicial foreclosure claim is DENIED.

          2.     Breach of contract against DJR

11

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." Williams v. Bank of Am., No. 2:09-CV-3060-JAM-KJM, 2010 WL 3034197, at *4 (E.D. Cal. Jul. 30, 2010) (quoting CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008)).

It is undisputed that DJR and SBA entered into the 504 Loan transaction in which DJR received a loan in the amount of $927,000.00 in exchange for DJR agreeing to make timely, monthly payments to SBA. (Doc. 121 at 1 and 18.) Under the terms of the 504 Note, DJR agreed to pay SBA monthly installments of principal and interest in the amount of $6242.15. (Doc. 121-2 at 23.) DJR made payments on the 504 Note through July 2008. (Doc. 121-1 at 4.) However, DJR did not make the August 2008 payment and has not made any further payments under the 504 Note. Id. As of October 1, 2010, DJR owes SBA $935,311.24, which includes $815,431.48 in principal and $119,879.76 in interest. Interest continues to accrue at the rate of $117.60 per day. Id. SBA has demonstrated that there exists no genuine issue as to any material fact with respect to their breach of contract claim against DJR and is entitled to judgment as a matter of law. SBA's Motion for Summary Judgment on its breach of contract claim against DJR is GRANTED.

        2.        Breach of contract against Rajendra, Jagdeep and Darshan

"An action for breach of guaranty is a species of claim for breach of contract" and therefore has the same requirements as a breach of contract claim. MRW, Inc. v. Big-O Tires, LLC, No. CIV. S-08-1732 LKK/DAD, 2009 WL 3368438, at *9 (E.D. Cal. Oct. 16, 2009) (citing Torrey Pines Bank v. Superior Court, 216 Cal. App. 3d 813 (1989)).

In this case, as security for payment of the 504 Note, Rajendra, Jagdeep and Darshan separately executed an Unconditional Guarantee. (Doc. 121-3 at 6, 11 and 16.) The Unconditional Guarantee states:

> Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note.  This Guarantee remains in effect until the Note is paid in full.  Guarantor

must pay all amounts due under the Note when Lender makes written demand upon Guarantor.  Lender is not required to seek payment from any other source before demanding payment from Guarantor.

Id.  In addition, the Unconditional Guarantee provides that "[a]ll individuals and entities signing as Guarantor are jointly and severally liable." (Doc. 121-3 at 8, 13 and 18.)

On August 13 and August 14, 2009, EDF sent to Rajendra, Jagdeep and Darshan, a notification of acceleration of the amount due under the 504 Note and demand for immediate payment of the entire remaining balance under the 504 Note. (Doc. 121-3 at 42-44.)  Rajendra, Jagdeep and Darshan have failed to provide payment of the remaining balance due to SBA under the 504 Note. (Doc. 121-1 at 4.)  Thus, SBA has demonstrated that there exists no genuine issue as to any material fact with respect to their breach of contract claim against Rajendra, Jagdeep and Darshan and is entitled to judgment as a matter of law.  SBA's Motion for Summary Judgment on its breach of contract claim against Rajendra, Jagdeep and Darshan is GRANTED.

Accordingly, the Court ORDERS that:

1. MPUD is dismissed from this action;
2. HSBC's Motion for Partial Summary Judgment against DJR, SBA, CIT and Puri is GRANTED;
3. SBA's Motion for Summary Judgment on its judicial foreclosure claim is DENIED;
4. SBA's Motion for Summary Judgment on its breach of contract claim against DJR is GRANTED;
5. SBA's Motion for Summary Judgment on its breach of contract claim against Rajendra, Jagdeep and Darshan is GRANTED.

IT IS SO ORDERED.

Dated:   January 18, 2011                         _____
                                                  CHIEF UNITED STATES DISTRICT JUDGE