1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HSBC BANK USA, | ) | 1:09-CV-01239 AWI SKO |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MPUD'S** |
| | ) | **MOTION FOR AWARD OF** |
| v. | ) | **ATTORNEY'S FEES AND** |
| | ) | **COSTS** |
| DJR PROPERTIES, INC. dba SUPER 8 | ) | |
| MARIPOSA, et al., | ) | **[Doc. #154]** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BACKGROUND**

On November 16, 2010, Plaintiff HSBC Bank USA ("HSBC") filed a Motion for

Partial Summary Judgment against Defendant Mariposa Public Utility District ("MPUD"). In

the motion, HSBC asked the Court to judicially declare that HSBC's lien on the subject

property was superior to MPUD's interest. On January 20, 2011, the Court dismissed MPUD

from this action based on mootness because MPUD's lien against the subject property had

been extinguished. Subsequently, MPUD filed a Motion for Award of Attorney's Fees and

Costs on February 17, 2011. For the reasons that follow, the motion will be denied.

**DISCUSSION**

A.      Motion for Costs

MPUD has requested costs in the amount of $739.01. (Doc. 154 at 1.) Rule 54(d)(1)

of the Federal Rules of Civil Procedure provides that "costs--other than attorney's

1   fees--should be allowed to the prevailing party." "Rule 54(d)(1) creates a presumption in

2   favor of awarding costs to a prevailing party, but the district court may refuse to award costs

3   within its discretion." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016,

4   1022 (9th Cir. 2003) (citations omitted).  However, "costs under Rule 54(d) may not be

5   awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in

6   that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)."

7   Miles v. State of California, 320 F.3d 986, 988 (9th Cir. 2003).

8       In this case, MPUD was dismissed from the action based on mootness.  Mootness

9   deprives a federal court of subject matter jurisdiction to hear a case.  North Carolina v. Rice,

10  404 U.S. 244, 246 (1971).  Therefore, since MPUD was dismissed for lack of subject matter

11  jurisdiction, costs are not recoverable under Rule 54(d).  Accordingly, MPUD's Motion for

12  Costs is DENIED.

13  B.      Motion for Attorney's Fees

14      "In an action involving state law claims, [federal courts] apply the law of the forum

15  state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid

16  federal statute or procedural rule." MRO Commc'ns v. Am. Tel. & Tel. Co., 197 F.3d 1276,

17  1282 (9th Cir. 1999).  Here, MPUD requests attorney's fees under California Civil Code §

18  1717 and California Public Utilities Code § 16647.

19      1.      California Civil Code § 1717

20  California Civil Code § 1717 provides in relevant part:

21  (a) In any action on a contract, where the contract specifically provides that attorney's
    fees and costs, which are incurred to enforce that contract, shall be awarded either to
22  one of the parties or to the prevailing party, then the party who is determined to be the
    party prevailing on the contract, whether he or she is the party specified in the contract
23  or not, shall be entitled to reasonable attorney's fees in addition to other costs.
    . . .
24
    (b)(1) The court, upon notice and motion by a party, shall determine who is the party
25  prevailing on the contract for purposes of this section, whether or not the suit proceeds
    to final judgment. Except as provided in paragraph (2), the party prevailing on the
26  contract shall be the party who recovered a greater relief in the action on the contract.
    The court may also determine that there is no party prevailing on the contract for
27

28                                              2

1    purposes of this section.

2  The California Supreme Court has explained:

3      in deciding whether there is a 'party prevailing on the contract,' the trial court is to
       compare the relief awarded on the contract claim or claims with the parties' demands
4      on those same claims and their litigation objectives as disclosed by the pleadings, trial
       briefs, opening statements, and similar sources. The prevailing party determination is
5      to be made *only upon final resolution of the contract claims* and only by a 'comparison
       of the extent to which each party has succeeded and failed to succeed in its
6      contentions.'

7  Hsu v. Abbara, 9 Cal. 4th 863, 876 (1995) (citation omitted and emphasis added).

8        For example, in Idea Place Corp. v. Fried, 390 F. Supp. 2d 903, 904 (N.D. Cal. 2005),

9  the Northern District of California ("Northern District") dismissed plaintiff's complaint due to

10  lack of subject matter jurisdiction.  Subsequently, the defendants filed a motion for attorney's

11  fees, contending that they were entitled to fees under California Civil Code § 1717 because

12  they were the prevailing party on plaintiff's contract claim.  Id.  The Northern District denied

13  the motion for attorney's fees, stating that defendants "were quite obviously not the prevailing

14  party *on the contract.*"  Id. at 905.  The Northern District explained that "the Court's

15  conclusion that subject matter jurisdiction was lacking expressly precluded the Court from

16  making any findings with respect to the merits of the underlying action, including plaintiff's

17  breach of contract claim."[1]  Id.

18        Similarly, in this case, MPUD was dismissed for lack of subject matter jurisdiction.

19

20      [1]    See also N.R. v. San Ramon Valley Unified Sch. Dist., No. C 05-0441 SI, 2006
21  WL 1867682, at *2 (N.D. Cal. Jul. 6, 2006) (concluding that defendant was not a prevailing party
    because the court "dismissed plaintiffs' breach of contract claim for lack of jurisdiction, and
22  made no determination whatsoever as to the merits of that claim"); Advance Fin. Res., Inc. v.
    Cottage Health Sys., Inc., No. CV 08-1084-KI, 2009 WL 2871139, at *2 (D. Or. Sep. 1, 2009)
23  (holding that defendant was not a prevailing party under California Civil Code § 1717 because
    the "contract claim was dismissed on jurisdictional grounds and there [had] been no final
24  resolution of the underlying contract claim"); Estate of Drummond, 149 Cal. App. 4th 46, 51
    (2007) (denying attorney's fees because "appellants obtained only an interim victory, based on
25  [the attorney] having attempted to pursue his claims in the wrong forum"); Garzon v. Varese, No.
    CV 09-9010 PSG, 2011 WL 103948, at *3 (C.D. Cal. Jan. 11, 2011) (stating that because
26  "Defendant secured a dismissal on technical grounds, rather than a judgment on the merits of the
    contract claim, he is not the prevailing party withing the meaning of section 1717 and is,
27  therefore, not entitled to attorney's fees").

28                                    3

1    Therefore, MPUD was not a prevailing party on the contract because the Court made no

2    determination whatsoever as to the merits of HSBC's underlying declaratory relief claim

3    against MPUD.

4         Furthermore, the Court is not persuaded that Profit Concepts Management, Inc. v.

5    Griffith, 162 Cal. App. 4th 950 (2008) and its progeny requires a different result. In Profit

6    Concepts, the California Court of Appeal affirmed the trial court's grant of attorney's fees to

7    the defendant, who had been dismissed for lack of personal jurisdiction. Id. at 952. The court

8    held that defendant was the prevailing party under California Civil Code § 1717 because

9    nothing was awarded on plaintiff's complaint. Id. at 956. The court emphasized that a

10   determination on the merits of the contract claim was not required for a court to award

11   attorney's fees under California Civil Code § 1717. Therefore, the court concluded that the

12   "contract claim was finally resolved within the meaning of Hsu v. Abarra[.]" Id.

13        Profit Concepts is unpersuasive and this Court declines to follow it. The conclusion in

14   Profit Concepts is inconsistent with the plain language of California Civil Code § 1717 and

15   the California Supreme Court's decision in Hsu. California Civil Code § 1717 explicitly

16   states that attorney's fees are available for the party prevailing *on the contract*. In addition,

17   Hsu made clear that the "prevailing party determination is to be made only upon *final*

18   *resolution of the contract claims*." Hsu, 9 Cal. 4th at 876. As discussed above, this Court

19   made no determination on the contract because of a lack of subject matter jurisdiction.

20   Therefore, MPUD cannot be a prevailing party on the contract under California Civil Code §

21   1717. Accordingly, MPUD's Motion for Attorney's Fees under California Civil Code § 1717

22   is DENIED.

23        2.    California Public Utilities Code § 16647

24   California Public Utilities Code § 16647 provides:

25   The board may provide for the collection of delinquent taxes, penalties, interest, and
     costs by actions or legal proceedings brought, prosecuted, and maintained in the name
26   of the district against the several owners of property from whom taxes are due and
     delinquent.

27

28                                              4

1   This provision does not authorize an award of attorney's fees against HSBC.  MPUD did not

2   bring, prosecute and maintain an action or legal proceeding against HSBC.  On the contrary,

3   MPUD was named as a Defendant in this proceeding by HSBC.  Further, HSBC is not an

4   owner of the subject property.  HSBC is a lender and holds only a lien against the subject

5   property.  Accordingly, MPUD's Motion for Attorney's Fees under California Public Utilities

6   Code § 16647 is DENIED.

### CONCLUSION

8        IT IS HEREBY ORDERED that MPUD's Motion for Award of Attorney's Fees and

9   Costs is DENIED.

11  IT IS SO ORDERED.

12
    Dated:     April 12, 2011     _____

13                                CHIEF UNITED STATES DISTRICT JUDGE