IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, ) | 1:09-CV-01239 AWI SKO |
| ) | |
| Plaintiff, ) | ORDER DIRECTING ENTRY |
| ) | OF FINAL JUDGMENT AND |
| v. ) | CLOSING CASE |
| ) | |
| DJR PROPERTIES, INC. dba SUPER 8 ) | |
| MARIPOSA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**BACKGROUND**

On June 25, 2009 Plaintiff HSBC Bank USA ("Plaintiff") filed a First Amended Complaint ("FAC") in Mariposa County Superior Court against Defendants DJR Properties, Inc., ("DJR"), the United States Small Business Administration ("SBA"), CIT Small Business Lending Corp. ("CIT"), Singh Corporation, Neil Advani, Suraj Puri, Kawaljit Singh, Harinder Kaur, the Mariposa Public Utility District ("MPUD"), and the Tax Collector of Mariposa County ("Tax Collector"). In the FAC, Plaintiff brought causes of action for (1) Judicial Foreclosure of Real Property; (2) Judicial Foreclosure of Security Interest; (3) Declaratory Relief; (4) Appointment of Receiver; and (5) Injunction in Aid of Receiver. The first and second causes of action were brought only against DJR. Causes of action three, four and five were brought against all Defendants. On July 16, 2009, SBA removed the case to this Court.

On November 10, 2009, the SBA filed an amended answer to the FAC and its cross-claims for judicial foreclosure and breach of contract against Cross-Defendants DJR, Rajendra Ahuja, Jagdeep Singh, Gurvinder Aujla, Gurdial Singh, Fairway Body Shop & Sales and Darshan Singh.  On December 17, 2009, Plaintiff filed a Notice of Dismissal with respect to Neil Advani.  The Court entered an order dismissing Neil Advani on December 21, 2009.

On November 16, 2010, Plaintiff moved for summary judgment on its third cause of action for declaratory relief against DJR, SBA, CIT, Suraj Puri and MPUD.  On November 17, 2010, SBA moved for summary judgment on its cross-claims for judicial foreclosure and breach of contract against DJR, Rajendra Ahuja, Jagdeep Singh and Darshan Singh.  On January 20, 2011, the Court granted Plaintiff's motion, granted SBA's motion with respect to its breach of contract claim, and dismissed MPUD from the action.

On February 1, 2011, SBA filed a notice of voluntary dismissal of Cross-Defendants Gurvinder Aujla, Gurdial Singh and Fairway Body Shop & Sales.  The Court granted the dismissal of these Cross-Defendants on February 7, 2011.

On February 11, 2011, Plaintiff, SBA, and DJR entered into that certain Stipulation for Dismissal of Fourth and Fifth Claims for Relief (the "Stipulation to Dismiss Claims 4 and 5") seeking to dismiss Plaintiff's claims for appointment of a receiver and an injunction in aid of the receiver.  On February 15, 2011, the Court entered an order approving the Stipulation to Dismiss Claims 4 and 5.

On February 17, 2011, Plaintiff filed a Notice of Dismissal with respect to Singh Corporation and Suraj Puri.  On February 18, 2011, Plaintiff filed an Amended Notice of Dismissal indicating that it had only intended to dismiss Singh Corporation in the Notice of Dismissal.

On March 4, 2011, Plaintiff and DJR filed a Stipulation to Dismiss First and Second Claims for Relief against DJR (the "Stipulation to Dismiss Counts 1 and 2").  The Court entered an order approving the Stipulation to Dismiss Counts 1 and 2 on March 9, 2011.  On April 15,

2011, Plaintiff filed a Motion to Dismiss Kawaljit Singh and Harinder Kaur.  The Court entered an order dismissing Kawaljit Singh and Harinder Kaur on April 19, 2011.

On April 21, 2011, Plaintiff moved for partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  On May 3, 2011, the SBA also moved for partial final judgment pursuant to Rule 54(b).  On June 8, 2011, the Court vacated the June 13, 2011 hearing date for Plaintiff and SBA's motions for partial final judgment and instructed Plaintiff and SBA to file a stipulated judgment or a status report.  Subsequently, on June 22, 2011, Plaintiff filed a status report with the Court.

**DISCUSSION**

1.  Entry of Final Judgment with respect to Plaintiff's FAC

In the FAC, Plaintiff brought causes of action for (1) Judicial Foreclosure of Real Property; (2) Judicial Foreclosure of Security Interest; (3) Declaratory Relief; (4) Appointment of Receiver; and (5) Injunction in Aid of Receiver.  The first and second causes of action were brought only against DJR and the remaining causes of action were brought against all Defendants.  On November 17, 2010, Plaintiff moved for summary judgment on its third cause of action for declaratory relief against DJR, SBA, CIT, Suraj Puri and MPUD, but not the Tax Collector, Singh Corporation, Kawaljit Singh or Harinder Kaur.  The Court granted Plaintiff's motion on January 20, 2011.  Subsequently, Plaintiff stipulated to dismiss the first, second, fourth and fifth causes of action and stipulated to dismiss Defendants Singh Corporation, Kawaljit Singh and Harinder Kaur.

After these dismissals, the only remaining issue is the third cause of action for declaratory relief against the Tax Collector.  In the June 22, 2011 status report, Plaintiff seeks to dismiss the Tax Collector from the action.  Status Report at 6:4-5.  The Court construes this as a request for a voluntary dismissal under Rule 41(a)(i) of the Federal Rules of Civil Procedure.  Under Rule 41(a)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  Tax

Collector has not filed an answer or motion for summary judgment in this case and it appears that no such answer or summary judgment has been served. Therefore, the Tax Collector is dismissed from this action.

In light of the dismissal of the Tax Collector, the Clerk is directed to enter judgment in favor of Plaintiff and against DJR, SBA, CIT and Suraj Puri on the third claim for relief pursuant to the Court's January 20, 2011 order.

    2.    Entry of Final Judgment with respect to SBA's Cross-Claims

On November 10, 2009, SBA filed cross-claims for judicial foreclosure and breach of contract against Cross-Defendants DJR, Rajendra Ahuja, Jagdeep Singh, Gurvinder Aujla, Gurdial Singh, Fairway Body Shop & Sales and Darshan Singh. On November 17, 2010, SBA moved for summary judgment on its cross-claims against DJR, Rajendra Ahuja, Jagdeep Singh and Darshan Singh. On January 20, 2011, the Court granted SBA's motion for summary judgment with respect to breach of contract and denied SBA's motion with respect to judicial foreclosure. Subsequently, SBA filed a notice of voluntary dismissal of the remaining three cross-defendants, which the Court granted on February 7, 2011. In light of these dismissals, the Clerk is directed to enter judgment in favor of SBA and against DJR, Rajendra Ahuja, Jagdeep Singh and Darshan Singh with respect to SBA's cross-claim for breach of contract pursuant to the Court's January 20, 2011 order.

## CONCLUSION

Accordingly, THE COURT HEREBY ORDERS that:

1. Tax Collector is DISMISSED from the action;
2. The Clerk enter judgment in favor of Plaintiff and against DJR, SBA, CIT, and Suraj Puri on the third claim for relief pursuant to the Court's January 20, 2011 order;
3. The Clerk enter judgment in favor of SBA and against DJR, Rajendra Ahuja, Jagdeep Singh and Darshan Singh with respect to SBA's cross-claim for breach of

contract pursuant to the Court's January 20, 2011 order; and

4.     The Clerk close the case.

IT IS SO ORDERED.

Dated:   July 1, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

5